**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| _____ | |
| Vivienne Erk, *on behalf of herself and all others* ) | Case No. |
| *similarly situated*, ) | |
| ) | **CLASS ACTION COMPLAINT AND** |
| Plaintiff, ) | **TRIAL BY JURY DEMAND** |
| ) | |
|      vs. ) | |
| ) | |
| Specialized Loan Servicing, LLC, ) | |
| ) | |
| Defendant._____ ) | |

### NATURE OF ACTION

1.    Plaintiff Vivienne Erk ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Defendant Specialized Loan Servicing, LLC ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION, VENUE, AND STANDING

2.    This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

4.    Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016) (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)).

5.    "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v.*

*Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)).  Thus, a debt collector's breach of a right afforded a consumer under the FDCPA causes an injury in fact for Article III standing, even where the harm may be intangible.  *See id.*; *Church v. Accretive Health, Inc.*, 654 F. App'x 990, 995 (11th Cir. 2016).

## THE FAIR DEBT COLLECTION PRACTICES ACT

6.    Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

7.    "The FDCPA is a strict liability statute to the extent it imposes liability without proof of an intentional violation."  *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 368 (3d Cir. 2011).

8.    "It is a remedial statute that we 'construe . . . broadly, so as to effect its purpose.'" *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006)).

9.    A debt collector's conduct is interpreting under an objective standard known as the "least sophisticated consumer," standard, whose purpose "is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd.  This standard is consistent with the norms that courts have traditionally applied in consumer-protection law."  *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148-49 (3d Cir. 2013) (quoting *Lesher,* 650 F.3d at 997).

## PARTIES

10.    Plaintiff is a natural person who at all relevant times resided in the State of New Jersey, County of Passaic, and City of West Milford.

11.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12.     Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

13.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

14.     Plaintiff is a natural person allegedly obligated to pay a debt.

15.     Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal home equity line of credit (the "Debt").

16.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

17.     Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

18.     At the time Defendant acquired the servicing rights to Plaintiff's Debt, the Debt was alleged to be in default, and Defendant treated the Debt as if it were in default.

19.     In connection with the collection of the Debt, Defendant sent Plaintiff a letter dated February 9, 2018.

20.     A true and correct copy of the February 9, 2018 letter is attached to this complaint as Exhibit A.

21.     The February 9, 2018 letter was Defendant's initial communication with Plaintiff with respect to the Debt.

22.     Defendant's February 9, 2018 letter stated, in part:

Unless you, within thirty days after receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by Specialized Loan Servicing, LLC ("SLS").  You can dispute the debt by contacting SLS at the toll-free number listed below or in writing at the address listed below.

Exhibit A.

23.     Defendant's February 9, 2018 letter also represented that the amount of the Debt was $33,055.50, comprising "unpaid principal of $19,026.33" and "uncollected interest of $14,029.17."

24.     However, these representations were false.

25.     First, Defendant overstated the actual principal balance of the Debt.

26.     Second, the "uncollected interest" balance was seemingly made up out of whole cloth.

27.     Therefore, Defendant overstated the total balance of the Debt by almost $15,000.

28.     Confused by Defendant's initial communication, Plaintiff sent Defendant a letter to dispute the Debt by certified mail.

29.     In her dispute letter, among other things, Plaintiff questioned the balance of the Debt and the required monthly payment amount.

30.     Defendant responded by sending Plaintiff a letter dated March 22, 2018.

31.     Defendant's March 22, 2018 letter admitted that its February 9, 2018 letter was incorrect.

32.     However, Defendant maintained that the correct monthly payment was $205.97 and not $158.25, which is what Plaintiff had been paying.

33.     Plaintiff sent Defendant a subsequently letter dated March 26, 2018, to again dispute this information, and requested a copy of the note or other documents that support Defendant's claim as to their ability to change the monthly payment.

34.     After not receiving the note or other evidence of Defendant's claim in response, Plaintiff sent another letter and then eventually received a copy of the note from Defendant.

35.     The note evidenced that the minimum principal payment is to be calculated based on .416% of the outstanding principal balance.

36.     Defendant calculated the minimum principal payment based on an apparent figure of .567% of the outstanding principal balance.

37.     Thus, Defendant attempted to collect an amount not expressly authorized by the agreement creating the Debt or permitted by law.

## CLASS ACTION ALLEGATIONS

38.     Plaintiff repeats and re-alleges all factual allegations above.

39.     Defendant's February 9, 2018 letter is based on a form or template used by Defendant to send initial collection letters to debtors (the "Template").

40.     The Template makes statements inconsistent with the statements required by 15 U.S.C. § 1692g(a), by representing that the consumer may effectively exercise his or her right to dispute the debt by placing a telephone call to Defendant.

41.     Defendant has used the Template to send collection letters to over 40 individuals in the State of New Jersey within the year prior to the filing of the original complaint.

42.     Plaintiff brings this action on behalf of herself and all others similarly situated. Specifically, Plaintiff seeks to represent the following class of individuals:

All persons with a New Jersey address, to whom Defendant sent a letter based upon the Template, within one year before the date of this complaint, in connection with the collection of a consumer debt.

43.     The class is averred to be so numerous that joinder of members is impracticable.

44.     The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

45.     The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

46.     There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of the FDCPA; (c) the availability of statutory penalties; and (d) attorneys' fees and costs.

47.     Plaintiff's claims are typical of those of the class she seeks to represent.

48.     The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

49.     Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

50.     Plaintiff will fairly and adequately protect the interests of the class and has no interests adverse to or which directly and irrevocably conflict with the interests of other members of the class.

51.     Plaintiff is willing and prepared to serve this Court and the proposed class.

52.     The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

53.     Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

54.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

55.     The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the classes. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

56.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

57.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

58.    Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692g(b)
## ON BEHALF OF THE CLASS

59.    Plaintiff repeats and re-alleges each factual allegation above.

60.    A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice.  *See* 15 U.S.C. § 1692g(a).

61.    Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. *Wilson v. Quadramed Corp.,* 225 F.3d 350, 354 (3d Cir. 2000) (citing *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir. 1991)).

62.    This validation requirement is a "significant feature" of the law that aimed to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid."  *See Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1070 (9th Cir. 2016) (citing S. Rep. No. 95-382, at 4 (1977)).

63.    "In order to comply with the requirements of section 1692g, more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter—the required notice must also be conveyed effectively to the debtor." *Wilson v. Quadramed Corp*., 225 F.3d 350, 354 (3d Cir. 2000) (citing *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir. 1991)); *see also Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991) ("statutory notice must not only explicate a debtor's rights; it must do so effectively.").

64.    To ensure debt collectors' notices meaningfully convey consumers' rights under § 1692g, Congress further declared that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."  15 U.S.C. § 1692g(b); *see Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148-49 (3d Cir. 2013) ("the notice must not be overshadowed or contradicted by accompanying messages from the debt collector").

65.    Moreover, a collection letter "is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996).

66.    Here, immediately after providing the statement that Plaintiff is entitled to dispute the debt within 30 days, Defendant's February 9, 2018 letter said: "You can dispute the debt by contacting SLS at the toll-free number listed below or in writing at the address listed below."

67.    As a result, Defendant's February 9, 2018 letter can be reasonably read two have two different meanings: (1) that the consumer could dispute the debt in writing by mailing her dispute to the address provided, or (2) that the consumer could call Defendant at their telephone number to dispute the debt.

68.     However, in this Circuit, "any dispute, to be effective, must be in writing." *Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991).

69.     As a result, Defendant's February 9, 2018 letter was deceptive because it could be reasonably read to have two or more different meanings, one of which is inaccurate—namely, that Plaintiff could legally dispute the debt by making a telephone call.

70.     An initial debt collection letter sent to a consumer in New Jersey that would lead the least sophisticated consumer to reasonably believe that she could effectively dispute the validity of debt by making a telephone call is deceptive, and thus violates the FDCPA. *Caprio v. Healthcare Recovery Group, LLC*, 709 F.3d 142, 152 (3d Cir. 2013) ("We therefore conclude that the Collection Letter was deceptive because it can be reasonably read to have two or more different meanings, one of which is inaccurate, i.e., that Caprio could dispute the debt by making a telephone call.").

71.     Defendant violated 15 U.S.C. § 1692g(b) by making statements inconsistent with, or which overshadowed, Plaintiff's right to dispute the debt under 15 U.S.C. § 1692g(a).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b)  Adjudging that Defendant violated 15 U.S.C. § 1692g(b) with respect to Plaintiff and the class she seeks to represent;

c)  Awarding Plaintiff and the class she seeks to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

e)  Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f)  Awarding Plaintiff and the class she seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g)  Awarding Plaintiff and the class she seeks to represent, pre-judgment and post-judgment interest as permissible by law; and

h)  Awarding such other and further relief as the Court may deem proper.

### COUNT II
### VIOLATION OF 15 U.S.C. § 1692e(2)(A)
### INDIVIDUALLY

72.    Plaintiff repeats and re-alleges each factual allegation above.

73.    The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts.  *See* 15 U.S.C. § 1692e; *Hamilton v. United Healthcare of Louisiana, Inc*., 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

74.    Included as an example of conduct that violates section 1692e is the false representation of the character, amount, or legal status of a debt.  15 U.S.C. § 1692e(2)(A).

75.    Thus, the plain-language of the FDCPA makes it clear that under the strict liability framework, any false representation as to the amount of the debt is sufficient to show a violation

of the FDCPA. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004) ("§ 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period."); *see also Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) ("under § 1692e ignorance is no excuse").

76.     Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(10)
## INDIVIDUALLY

77.     Plaintiff repeats and re-alleges each factual allegation above.

78.     Congress, recognizing that it would be impossible to foresee every type of deceptive collection misbehavior, expressly included in the FDCPA a catchall provision, prohibiting "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

79.     Defendant violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of Plaintiff's Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692f(1)
## INDIVIDUALLY

80.     Plaintiff repeats and re-alleges each factual allegation above.

81.     The FDCPA also prohibits the use of unfair or unconscionable means to collect debts, including, but not limited to, the attempt to collect amounts to which the debt collector is not legally entitled to collect. *See* 15 U.S.C. §§ 1692f, 1692f(1).

82.     "The 'permitted by law' language of the FDCPA has been construed to mean 'an affirmative authorization, not just indulgent silence.'" *Champion v. Target Nat'l Bank*, No. 1:12-CV-4196-RLV, 2013 WL 8699367, at *10 (N.D. Ga. Apr. 15, 2013) (*quoting Shula v. Lawent*, No. 01 C 4883, 2002 WL 31870157, at *9 (N.D. Ill. Dec. 23, 2002)).

83.     Debt collectors may not collect or attempt to collect any amount if either "(A) state law expressly prohibits collection of the amount or (B) the contract does not provide for collection of the amount and state law is silent." *FTC Staff Commentary on the FDCPA*, 53 Fed. Reg. 50,097, 50,108 (Dec. 13, 1988).

84.     Defendant violated 15 U.S.C. § 1692f(1) by collecting or attempting to collect an amount of debt from Plaintiff without it being expressly authorized by the agreement creating the Debt or permitted by law.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692f(1);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem proper.

**TRIAL BY JURY**

85.     Plaintiff is entitled to and hereby demands a trial by jury.

Dated: August 10, 2018.

Respectfully submitted,

s/Justin Auslaender
Justin Auslaender
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206

Telephone: (347) 960-9671
Facsimile: (347) 960-9252
jauslaender@ThompsonConsumerLaw.com
Attorney for Plaintiff

Please direct local correspondence to:

117-14 Union Turnpike FA1
Kew Gardens, NY 11415