UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

November 15, 2018

Daniel J. McKenna, Esq.
William P. Reiley, Esq.
Ballard Spahr LLP
210 Lake Drive East
Suite 200
Cherry Hill, NJ 08002
*Counsel for Defendant*

Justin A. Auslaender, Esq.
Thompson Consumer Law Group, PLLC
117-14 Union Turnpike FA1
Kew Gardens, NY 11415
*Counsel for Plaintiff*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re:** **Erk v. Specialized Loan Servicing, LLC**
**Civil Action No. 18-12671 (SDW) (SCM)**

Counsel:

Before this Court is Defendant Specialized Loan Servicing, LLC's ("Defendant") Motion to Dismiss Plaintiff Vivienne Erk's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). This Court having considered the parties' submissions, having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, denies Defendant's motion.

## DISCUSSION

A. Standard of Review

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v.*

*County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

B. <u>Plaintiff's Complaint Sufficiently Sets Forth Claims Under the FDCPA</u>

This Court writes only for the parties and assumes their familiarity with the procedural and factual history of this matter. Plaintiff, a resident of New Jersey, obtained a home equity line of credit ("HELOC"), which Defendant began servicing at some time prior to February 9, 2018. (Dkt. No. 1 ¶¶ 10, 15-24; Dkt. No. 1-1.) On February 9, 2018, Defendant sent written notice to Plaintiff with regard to the HELOC (the "Letter"), which alleged that Plaintiff owed a debt (the "Debt") in the amount of $33,055.50,[1] and indicated that, *inter alia*:

> Unless you, within thirty days after receipt of this notice, dispute the validity of this debt, or any portion thereof, the debt will be assumed to be valid by Specialized Loan Servicing LLC ("SLS"). You can dispute the debt by contacting SLS at the toll-free number listed below or in writing at the address listed below. (Dkt. No. 1-1.)

The second page of the letter stated: "THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE." (*Id.*)[2]

On August 10, 2018, Plaintiff filed a four-count class action Complaint in this Court on behalf of herself and others similarly situated alleging that Defendant's letter violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"). (*See generally* Dkt. No. 1.) Defendant filed the instant motion to dismiss on September 28, 2018. (Dkt. No. 8, 9, 12.)

The FDCPA, 15 U.S.C. § 1692, *et seq.,* provides private causes of action to consumers who have suffered "the use of abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(a). Courts analyzing FDCPA claims apply a "least sophisticated debtor" standard which is lower than "simply examining whether particular language would deceive or mislead a reasonable debtor." *Brown v. Card Serv. Ctr.,* 464 F.3d 450, 454 (3d Cir.2006) (quoting *Wilson v. Quadramed Corp.,* 225 F.3d 350, 354 (3d Cir.2000)) (internal quotation marks omitted). However, a debtor cannot disregard responsibilities or adopt "bizarre or idiosyncratic interpretations of collection notices," as the standard "preserv[es] a quotient of reasonableness

---

[1] The Letter stated that the Debt was comprised of $19,026.33 in principal and $14,029.17 in interest. (Dkt. No. 1-1.)
[2] Defendant's overarching argument that its February 9, 2018 Letter was not made in connection with the collection of any debt is unavailing in light of this language. *See* Dkt. No. 8-1 at 6-10.

and presum[es] a basic level of understanding and willingness to read with care." *Wilson,* 225 F.3d at 354–55 (internal quotations and citations omitted). "Importantly, whether the least sophisticated debtor would be misled by a particular communication is a question of law that may be resolved in a Rule 12(b)(6) motion." *Smith v. Lyons, Doughty & Veldhuius, P.C.,* No. 07–5139, 2008 WL 2885887, at *3 (D.N.J. July 23, 2008); *see also Devito v. Zucker, Goldberg & Ackerman, LLC*, 908 F. Supp. 2d 564, 568–69 (D.N.J. 2012).

This Court is satisfied that Plaintiff's Complaint sufficiently sets forth claims upon which relief can be granted. Plaintiff first alleges that the Letter violates the FDCPA because it failed to inform Plaintiff that she was required to dispute the Debt in writing. (Dkt. No. 1 ¶ 71.)[3] The letter provides that she "can dispute the debt by contacting SLS at the toll-free number listed below **or** in writing at the address listed below." (Dkt. No. 1-1 (emphasis added).) The word "or" could arguably confuse the least sophisticated consumer as to whether a written response was required. Thus, Plaintiff has pled facts sufficient to sustain a claim under § 1692g (Count I).

Plaintiff next alleges that Defendant falsely represented "the character, amount or legal status of Plaintiff's [d]ebt," (Dkt. No. 1 ¶¶ 76, 78), in violation of § 1692e which prohibits the use of misleading, deceptive or false representations in the collection of debts and § 1692f which prohibits the use of improper means to collect a debt "to which the debt collector is not legally entitled," (Dkt. No. 1 ¶ 81). *See* 15 U.S.C. §§ 1692e, 1692f. Plaintiff pleads that the Letter falsely represents both the actual principal of the debt and the uncollected interest allegedly owed, such that Defendant "overstated the total balance of the Debt by almost $15,000." (Dkt. No. 1 ¶ 27.) Although it remains to be seen whether the facts will ultimately support that allegation (and, indeed the parties disagree as to how interest should be calculated under the HELOC (*see* Dkt. No. 8 at 10, Dkt. No 9 at 13-16)), Plaintiff has pled facts sufficient to sustain her claims under §§ 1692e and 1692f (Counts II-IV).

## CONCLUSION

Defendant's Motion to Dismiss the Complaint is **DENIED**. An appropriate order follows.

                                                                                     /s/ Susan D. Wigenton
                                                                  **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
      Steven C. Mannion, U.S.M.J.

---

[3] Section 1692g(a)(3) of the FDCPA requires debt collectors to "send the consumer a written notice containing ... (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." 15 U.S.C. § 1692g(a)(3). This "validation provision" ensures that consumers are notified of their rights in a timely manner. *See, e.g.*, *Wilson*, 225 F.3d at 354. In order to effectively dispute an alleged debt, the dispute must be in writing. *See, e.g.*, *Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991) (holding that disputes under § 1692g(a)(3) must be in writing); *Caprio v. Healthcare Revenue Recovery Grp.*, 709 F.3d 142, 151 (3d Cir. 2013) (same).